UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY T., | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-cv-6117 |
| | ) | |
| v. | ) | Magistrate Judge Keri L. Holleb Hotaling |
| | ) | |
| FRANK BISIGNANO, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kimberly T.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") ("SSA") denying her supplemental security income. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment [Dkt. 14] is DENIED and Defendant's motion for summary judgment [Dkt. 17] is GRANTED. The final decision of the Commissioner is affirmed.

### 1.      Procedural History

On January 20, 2022, Plaintiff filed an application for supplemental security income, alleging disability since August 1, 2020. [Administrative Record ("R.") 128.] The claim was denied initially and on reconsideration. *Id*. On August 23, 2024, after an Administrative Hearing, an Administrative Law Judge ("ALJ") found Plaintiff not disabled. [R. 128-142.] The Appeals Council denied review on April 14, 2025 [R. 1-7], rendering the ALJ's August 23, 2024 decision the final decision of the Commissioner. 20 C.F.R. §404.981. On June 2, 2025, Plaintiff filed the

---

[1]     In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2]     The Commissioner has filed a Memorandum in Support of Motion for Summary Judgment [Dkt. 17], which the Court construes as a motion for summary judgment.

1

instant action seeking review of the Commissioner's decision. [Dkt. 1.]

### 2. Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017). In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted). Even where "reasonable minds could differ" or an alternative position is also supported by substantial evidence, the ALJ's judgment must be affirmed if supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). This "lax" standard is satisfied when the ALJ "minimally articulate[s] his or her justification for rejecting or accepting specific evidence of a disability." *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008) (internal signals omitted) (citing *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004)). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build[] an accurate and logical bridge from the evidence to [their] conclusion." *Hess*, 92 F.4th at 676; *Lincoln v. Bisignano*, No. 24-cv-2668, 2026 WL 1097737, at *2 (7th Cir. 2026). Finally, while reviewing a Commissioner's decision, the court does not second-guess the ALJ's judgment – the Court may not "substitute [its] own judgment for that of the Commissioner [,] reconsider facts, reweigh the evidence, resolve conflicts in the evidence, or decide questions of credibility." *Fitschen v. Kijakazi*, 86 F.4th 797, 802 (7th Cir. 2023).

**3.      Discussion**

Plaintiff's petition for remand makes a single contention: that the ALJ erred by failing to adequately evaluate Plaintiff's right eye limitations in combination with her left eye vision loss. [Dkt. 15 at 1.] Plaintiff focuses her brief on the visual abilities of her right eye, contending that she was unable to perform near acuity, far acuity, accommodation, color vision or field of vision with her right eye.[3] [Dkt. 15 at 8-11.] However, as Defendant correctly notes, the ALJ based his determination on medical opinions, examinations, and Plaintiff's own testimony that her right eye was not limited in such a fashion. [Dkt. 17 at 2]. In fact, as the ALJ appropriately discussed, optical examinations documented the following right eye visual acuity readings for Plaintiff: 20/30 in January 2022 [R. 135 (*referencing* R. 593)]; 20/20 in August 2022 [R. 136 (*referencing* R. 727)]; 20/25 in October 2022 [R. 136 (*referencing* R. 736)]; 20/15 in January 2023 [R. 137 (*referencing* R. 761)]; and 20/20 in February 2023 [R. 138 (*referencing* R. 773)]. These findings demonstrated mild vision loss (findings of 20/25 and 20/30), normal vision (20/20), and even better-than-normal vision (20/25).[4] These are not the type of scores to call for greater visual limitations for the right eye than those found by the ALJ, who found no right eye limitations. [R. 141.] Moreover, as with its review of all supplemental security income appeals, the Court must review the ALJ's decision deferentially and cannot reweigh the evidence, *Fitschen v. Kijakazi*, 86 F.4th 797, 802 (7th Cir. 2023), as Plaintiff seemingly asks the Court to do here. After all, weighing the evidence of record lies within the exclusive domain of the ALJ. *See Vernice S-P v. Kijakazi*, No. 21-cv-1214, 2022

---

[3]      Although Plaintiff references a medical record that reflects "accommodation" as a vision limitation [Dkt. 15 at 5, 9], Plaintiff makes no attempt to explain what accommodation means or distinguish this term from the commonly used "accommodation" term in the SSDI/SSI claim context. The Court does not understand what visual "accommodation" means in the context used by Dr. Garcia-Gonzalez [R. 1770], but it is not germane to the Court's decision here.

[4]      *Low Vision and Vision Rehabilitation*, American Optometric Association, https://www.aoa.org/healthy-eyes/caring-for-your-eyes/low-vision-and-vision-rehab (last visited June 2, 2026).

WL 16553038, at *6 (N.D. Ill. Oct. 31, 2022) (citing *Ehrhart v. Sec'y of Health & Hum. Servs.*, 969 F.2d 534, 541 (7th Cir. 1992)).

Further, as the Commissioner points out, the remainder of the record also was not particularly alarming concerning Plaintiff's right eye. At her consultative ophthalmology evaluation with Krishan Nagpal, M.D., Plaintiff generally had normal right eye findings except with 95-percent right eye central visual efficiency though with visual field efficiency of less than 20-percent, as the ALJ noted. [R. 136; *referencing* R. 736-39.] Dr. Nagpal concluded that Plaintiff's right eye "appears normal" and that the ophthalmologist "cannot explain [the] loss of field vision." [R. 737.] Dr. Nagpal effectively considered the visual field efficiency reading to be an aberration, ultimately concluding Plaintiff's right eye was generally normal. To the extent any ambiguity persisted about loss of field vision, that was resolved at a second consultative ophthalmological evaluation with David Hillman, M.D. As noted by the ALJ, Dr. Hillman specifically concluded Plaintiff's right eye functioned normally. [R. 137 (*referencing* R. 761-62).] As for the medical opinions, State agency medical consultant Vittal V. Chapa, M.D. concluded Plaintiff had limitations with the left eye, but a reading of 20/15 corrected vision meant no accommodations were necessary for the right eye. [R. 204-05.] State agency medical consultant Frank Mikell, M.D. agreed. [R. 214-15.] The ALJ found these consultative opinions somewhat persuasive [R. 139-40], and included within the Residual Functional Capacity ("RFC") determination that that Plaintiff was incapable of peripheral vision or precise depth perception due to a lack of vision in the left eye. [R. 133-34.]

The ALJ also considered the opinion of ophthalmologist Jose Garcia-Gonzalez, M.D., who found left eye blindness alongside normal right eye vision but nonetheless checked boxes indicating that even with the right eye Plaintiff could not complete tasks requiring near acuity, far acuity, accommodation, color vision and field of vision. [R. 140 (*referencing* R. 1770-72).] The

4

ALJ found Dr. Garcia-Gonzalez's opinion somewhat persuasive and noted that significant limitations were provided for the left eye. [*Id*.] Ultimately, citing Dr. Garcia-Gonzalez's opinion that right vision was normal with visual acuity of 20/20, the ALJ declined to provide any right eye limitations within the RFC. [*Id*.] While even the Commissioner admits the ALJ could have done a better job of addressing the check-box restrictions selected in Dr. Garcia-Gonzalez's opinion [Dkt. 17 at 4], the Court finds no remand required here where the ALJ could have been more specific in why he failed to credit such limitations in this singular report because his decision otherwise fully evaluates the record and does not present a skewed version of the evidence or fail to minimally discuss contrary evidence. *See*, *e.g.*, *Thorlton v. King*, 127 F.4th 1078, 1082 (7th Cir. 2025) ("We agree…the ALJ would have done better to directly confront Smitson's testimony about his nebulizer use when deciding whether he suffered from a disability entitling him to benefits. But, in the end, that shortcoming does not require to reverse…we are confident the ALJ considered Smitson's testimony and his nebulizer use[.]"). The Court is confident the ALJ adequately considered Plaintiff's right eye limitations, to the extent they exist, and his decision is supported by the record, even considering the excusable oversight of failing to address Dr. Garcia-Gonzalez's check-box limitations. *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (an ALJ "need not address every piece or category of evidence"); *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) ("ALJ need not…discuss every piece of evidence in the record and is prohibited only from ignoring an entire line of evidence that supports a finding of disability.") (citations and signals omitted).

Finally, as the ALJ pointed out, Plaintiff herself testified that her right eye vision was relatively normal. [R. 134 (*referencing* R. 158-59 (testifying she has vision in her right eye and that the eye was sometimes affected by bright lights, requiring her to blink several times), R. 168 (same; Plaintiff also closed her non-functioning left eye which gave her "more ability" to watch

5

TV with her right eye)).] To the extent any ambiguity persisted (the Court does not believe it did), the ALJ resolved such conflicts by noting Plaintiff's own testimony that her right eye generally functioned normally. As a result, no additional limitations were needed—either singly or in combination with her left eye vision loss.

In sum, the Court finds the ALJ set forth a well-reasoned decision adequately addressing the analysis behind the RFC and, ultimately, his reasoning in determining Plaintiff was not disabled in that same decision. For the foregoing reasons, the Court declines to remand this matter. Plaintiff's motion for summary judgment [Dkt. 14] is DENIED and Defendant's motion for summary judgment [Dkt. 17] is GRANTED. The final decision of the Commissioner is affirmed.

**ENTERED: June 8, 2026**

Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge